UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL WARD,

    Plaintiff,

v.                                                 Case No.  2:15-cv-37
                                                    HON.  ROBERT HOLMES BELL

D. CAMPBELL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Nathaniel Ward filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The remaining claims are that Defendant Virginia Olmstead retaliated against Plaintiff by writing two false misconduct tickets against Plaintiff on October 21, 2014, and that Defendant Colin Bradley violated Plaintiff's Eighth Amendment rights by demanding sexual favors from Plaintiff.  Defendants filed a motion for summary judgment.  ECF. No. 27.  Plaintiff has not filed a response.

Plaintiff submitted a Step I grievance against Defendant Bradley asserting that:

> Staff Block Officer Bradley stated to me, to "stop talking before I put this dick in your mouth."  I stated "I'm not a homosexual, why do you like talking about dick all the time."  He stated "so you can get used to me saying this and you will be ready to suck it when the time is right."  I told him that I will write a grievance.  He said "write your grievance I don't care.  Your grievance writing won't do shit to me."  He also said "after you finish writing all you little grievance you'll be ready to let me fuck you in the ass." Sexual Misconduct is prohibited by policies.  This is a violation that Block Officer Bradley continue to do.

ECF No. 16-3, PageID.192. The grievance was denied because an investigation revealed that there was insufficient evidence to support Plaintiff's assertions.  PageID.193.

Plaintiff alleges that he received fabricated misconduct tickets from Defendant Olmstead.  Defendant Olmstead wrote a misconduct ticket dated October 21, 2014, which included charges of insolence and substance abuse.  Plaintiff argued at his misconduct hearing that Defendant Olmstead fabricated the ticket because Plaintiff had submitted grievances against her. ECF No. 16-5, PageID.277.   Plaintiff was found guilty of the charges:

> SUBSTANCE ABUSE:  Prisoner Ward had in his hands and therefore in his possession a bottle of yellow liquid that smelled of fermentation without staff authorization 10-21-14 at 1840hrs.  I find that this was alcohol as it looked and smelled like spud juice a homemade alcohol.  First, Prisoner Ward was given a contraband removal record which does describe location of evidence so he was notified of this and his due process was not violated.  Second, Prisoner Ward's statement is not believed because if he never had the bottle in his hands and he never called her a liar then he would have wanted the witnesses in the bathroom and his cube to say what they saw.  The Officer is clear and factual in his statement and is found to be credible.  The charge is upheld.
>
> INSOLENCE:  Prisoner Ward said to Officer Olmstead "you never saw me with any spud you're a liar go ahead and write the ticket liar," on 10-21-14 at 1840hrs.  I find that this statement by its very nature is intended to harass and degrade the officer.  For the reasons stated above, Prisoner Ward's statement is not believed.  The Officer is clear and factual in his statement and is found to be credible.  The charge is upheld.

*Id.*

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then

2

the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with

3

"deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Defendant Bradley argues that Plaintiff's claims of sexual harassment fail to support an Eighth Amendment violation. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted).

Circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of an Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected

4

female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim). Some courts have held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of

5

the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

If true, Officer Bradley's conduct toward Plaintiff was reprehensible, but it does not rise to the level of an Eighth Amendment violation. Plaintiff does not allege that Officer Bradley ever touched him or had any form of physical contact with him. Acts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment. *See Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2. Therefore, in the opinion of the undersigned, Plaintiff's claims against Defendant Bradley fail to rise to the level required to violate the Eighth Amendment.

Defendant Ward argues that Plaintiff cannot assert retaliation claims because he was found guilty of the misconduct charges and he never successfully overturned his convictions. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise

6

of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

A prisoner's claim that he was falsely accused of a major misconduct is barred where there has been a finding of guilt. *See Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013) (holding that a factual finding in a major misconduct proceeding has preclusive effect and is not subject to challenge in a § 1983 action). Plaintiff was found guilty of both the insolence misconduct and the substance abuse misconduct. With regard to the causation element of a retaliation claim, "the defendant may thwart the retaliation claim by showing that it would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). A hearing officer's "finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim." *Jackson v. Madery*, 158 Fed. Appx. at 662 (6th Cir. 2006), *quoting Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994), *cert. denied*, 515 U.S. 1145 (1995); *see also Ruiz v. Bouchard*, 60 Fed. Appx. 572, 574 (6th Cir. 2003) ("... to the extent that Ruiz has asserted a pure retaliation claim, Ruiz still has not stated a claim because he was convicted of the misconduct charges"); *Clemons v. Cook*, 52 Fed. Appx. 762, 763 (6th Cir. 2002); *Burton v. Rowley*, 2000 WL 1679463 (6th Cir. 2000); *Wilson v. Phipps*, 1998 WL 384560, at *1 (6th Cir. 1998), *citing Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam).

In the opinion of the undersigned, Plaintiff cannot show that his misconduct tickets were retaliatory because he was found guilty of insolence and substance abuse. The misconduct findings bar Plaintiff from asserting that the misconduct tickets were retaliatory acts.

7

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* In the opinion of the undersigned, because plaintiff cannot establish that his constitutional rights were violated, defendants are entitled to qualified immunity.

In summary, it is recommended that the Court find that Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 26) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 6, 2016 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

9